T.C. Summary Opinion 2010-7

UNITED STATES TAX COURT

RODDIE L. AND PATRICIA L. EVANS, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 25392-07S.                   Filed January 21, 2010.

Roddie L. and Patricia L. Evans, pro se.

<u>Dessa J. Baker-Inman</u> and <u>William F. Castor</u>, for respondent.

THORNTON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $1,725 deficiency in petitioners' 2004 Federal income tax. After concessions, the issue for decision is whether petitioners are entitled to deduct certain business expenses for 2004.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. When they petitioned this Court, petitioners were married and resided in Louisiana.

During 2004 Mr. Evans was employed as a pipefitter by three companies at three different jobsites. From February 17 to March 11, 2004, Mr. Evans was employed by Stone and Webster Construction, Inc., at a jobsite in Vicksburg, Mississippi. From March 19 to May 9, 2004, Mr. Evans was employed by Atlantic Union Resources, Inc., at a jobsite in St. Louis, Missouri. From August 19 to November 15, 2004, Mr. Evans was employed by Fru-Con Construction Corp., at a jobsite in Alexandria, Louisiana. Petitioners owned a trailer, which they towed to the vicinity of each jobsite and used for their living accommodations while there. During 2004 none of Mr. Evans' three employers reimbursed any of his vehicle or travel expenses or had an expense reimbursement policy.

Petitioners reported a total of $16,770 in vehicle, travel, and meals and entertainment expenses on Form 2106, Employee Business Expenses, attached to their 2004 Federal income tax return.[2]  Respondent allowed or conceded all of petitioners' meals and entertainment expenses and portions of petitioners' vehicle and travel expenses.  A total of $12,346 in vehicle and travel expenses remains in dispute.

The records petitioners maintained with respect to the claimed vehicle and travel expenses consisted only of certain trailer park rental receipts.  Petitioners did not maintain any records or logs to account for the business mileage of vehicles.  Petitioners did not maintain adequate records with respect to the disputed travel expenses because they believed that using the per diem method to calculate such expenses was proper for tax reporting purposes.  Respondent conceded all of the amounts for which petitioners provided adequate records, as well as a portion of petitioners' unsubstantiated vehicle expenses.

### Discussion

A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business if the taxpayer maintains sufficient records to substantiate the expenses.  Secs. 162(a), 6001; sec. 1.6001-1(a),

---

[2]Figures have been rounded to the nearest dollar.

Income Tax Regs.   The taxpayer bears the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. 540 F.2d 821 (5th Cir. 1976).  As a general rule, no deductions are allowed for personal, living, or family expenses.  Sec. 262(a).

If a taxpayer establishes that deductible expenses were incurred but fails to establish the amount, we generally may estimate the amount allowable (the Cohan doctrine).  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  There must be evidence in the record, however, that provides a rational basis for our estimate.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

In the case of travel expenses and expenses paid or incurred with respect to listed property, e.g., passenger automobiles or other property used as a means of transportation, section 274 overrides the Cohan doctrine, and these expenses are deductible only if the taxpayer meets stringent substantiation requirements.  Secs. 274(d), 280F(d)(4); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).[3]

---

[3]Sec. 274(d) specifically provides:

SEC. 274(d).  Substantiation Required.--No deduction or credit shall be allowed--

(continued...)

To substantiate a deduction under section 274 a taxpayer must generally maintain an account book, a diary, a log, a statement of expenses, trip sheets, or a similar record and documentary evidence which, in combination, are sufficient to establish each element of each expense. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Thus, no deduction for expenses under section 274(d) may be allowed on the basis of any approximation or the unsupported testimony of the taxpayer. Sec. 1.274-5T(a), Temporary Income

---

[3](...continued)
        (1) under section 162 or 212 for any
        traveling expense (including meals and lodging
        while away from home),

        (2) for any item with respect to an activity
        which is of a type generally considered to
        constitute entertainment, amusement, or
        recreation, or with respect to a facility used in
        connection with such an activity,

        (3) for any expense for gifts, or

        (4) with respect to any listed property (as
        defined in section 280F(d)(4)),

unless the taxpayer substantiates by adequate records or by
sufficient evidence corroborating the taxpayer's own
statement (A) the amount of such expense or other
item, (B) the time and place of the travel,
entertainment, amusement, recreation, or use of the
facility or property, or the date and description of
the gift, (C) the business purpose of the expense or
other item, and (D) the business relationship to the
taxpayer of persons entertained, using the facility or
property, or receiving the gift. * * *

Tax Regs., supra; see, e.g., Murata v. Commissioner, T.C. Memo. 1996-321; Golden v. Commissioner, T.C. Memo. 1993-602.

The Commissioner is authorized to prescribe rules under which certain types of expense allowances, including per diem allowances for ordinary and necessary expenses for traveling away from home, will be regarded as satisfying the substantiation requirements of section 274(d). Sec. 1.274-5(j), Income Tax Regs. Under this authority, the Commissioner issued Rev. Proc. 2003-80, 2003-2 C.B. 1037,[4] and Rev. Proc. 2004-60, 2004-2 C.B. 682,[5] which provide rules for using a per diem method to substantiate the amounts of lodging, meals, and incidental expenses.

The per diem method is available to employees only if their employers pay a per diem allowance in lieu of reimbursing the actual expenses an employee pays while traveling away from home. Rev. Proc. 2003-80, sec. 1, 2003-2 C.B. at 1037; Rev. Proc. 2004-60, sec. 1, 2004-2 C.B. at 682. Employees who receive per diem allowances from an employer and meet certain requirements of the applicable revenue procedures are not required to include the deemed substantiated amounts in their gross income or claim the

_____

[4]The Commissioner issues an updated revenue procedure each year enumerating the per diem rules. Rev. Proc. 2003-80, 2003-2 C.B. 1037, applies to Mr. Evans' disputed expenses incurred before Oct. 1, 2004.

[5]Rev. Proc. 2004-60, 2004-2 C.B. 682, applies to Mr. Evans' disputed expenses incurred after Oct. 1, 2004.

expense deductions on their return. See Rev. Proc. 2003-80, sec. 7, 2003-2 C.B. at 1044; Rev. Proc. 2004-60, sec. 7, 2004-2 C.B. at 691. Employees who are not reimbursed for travel expenses by their employer cannot use the per diem method and must claim their travel expense deductions by complying with all of the substantiation requirements of section 274(d). See Rev. Proc. 2003-80, sec. 1; Rev. Proc. 2004-60, sec. 1.

Petitioners' use of the per diem method for substantiating the amount of Mr. Evans' travel expenses was in error. Mr. Evans was not paid a per diem allowance by any of his three employers, and thus petitioners were not eligible to use the per diem method for calculating the amount of his travel expenses.

Section 1.274-5(j)(2), Income Tax Regs., provides that the Commissioner may prescribe a standard mileage rate that a taxpayer may use to determine a deduction with respect to the business use of a passenger automobile. Under this authority the Commissioner issued Rev. Proc. 2003-76, 2003-2 C.B. 924, which provides rules for using a standard mileage rate in lieu of substantiating the actual amount of expenditures relating to the business use of a passenger automobile. Petitioners are not eligible to use the standard mileage rate provided in Rev. Proc. 2003-76, supra, because they did not maintain any records or logs to account for the business mileage of vehicles. See sec. 1.274-5(j)(2), Income Tax Regs.

Petitioners have not maintained or provided any records with respect to the expense amounts in dispute and thus have not met the substantiation requirements of section 274(d). Accordingly, petitioners are not entitled to deductions for the $12,346 of disputed expenses.

To reflect the foregoing,

Decision will be entered under Rule 155.